

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5757
Re: Should 1943 taxes be assessed
on certain property which was
owned by the Farm Security Ad-
ministration until August, 1943,
at which time it was deeded to
individuals? If so, should
assessment be for the full year,
of that portion of the year af-
ter the date of the deed?

In your letter of December 21, 1943, you request
the opinion of this department upon the question contained
in a letter addressed to you by Hon. Fred Parks, Tax Assessor-
Collector, Hill County, Texas, Mr. Parks' letter reading as
follows:

"I have before me copy of a letter dated
Nov. 24, 1943, addressed to your Department,
asking information in regard to property that
was owned by U.S. Government until August of
this year.

"This letter says in part, 'We have in
Hill County several pieces of real estate,
which for the past five years, title has been
in the name of U.S. Government. This is land
that was purchased by the Farm Security Admin-
istration, for Clients in this County. There
has been no assessment carried on our rolls
against these tracts, since it was Government
owned property, and as such, was exempt from
taxation.

Honorable Geo. H. Sheppard, page 2

"Now in August of 1943, some of these properties were deeded to the individuals.

"Please advise if we are to assess these individuals for the 1943 tax, if so, should assessment be for the full year, or for that portion of year after date of deed!"

We think the question asked by Mr. Parks is specifically answered by the provisions of Article 7151 of Vernon's Annotated Civil Statutes, reading in part as follows:

". . . If any property has, by reason of any special law, contract or fact, been exempt or has been claimed to be exempted from taxation for any period or limit of time, and such period of exemption shall expire between January 1, and December 31 of any year, said property shall be assessed and listed for taxes as other property; but the taxes assessed against said property shall be for only the pro rata of taxes for the portion of such year remaining."

This provision of the statute is plain and unambiguous, and is clearly applicable to the situation presented in Mr. Parks' letter.

It therefore follows that taxes may only be collected on the property owned by the United States Government, but sold to private individuals subsequent to January 1 from the date of the deed for the remaining portion of the year.

Yours very truly

ATTORNEY GENERAL OF TEXAS



By     L. P. Lollar
Assistant

LPL:JCP


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN